Marc D. Haefner
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COACHSOURCE, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>1COACHSOURCE,<br><br>  Defendant. | Civil Action No.<br><br>*Electronically Filed* |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff CoachSource, LLC ("CoachSource" or "Plaintiff"), for their Complaint against Defendant 1CoachSource ("Defendant"), hereby allege as follows:

## NATURE OF ACTION

1.     This is an action at law and in equity for trademark infringement of Plaintiff's famous federally-registered trademark CoachSource registered in Classes 9, 16, 41 (Reg. Nos. 3539223, 5222152) under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of statutory and common law deceptive trade practices and false

1

advertising under New Jersey Statutes, Title 56, Chapter 8 Section 1 *et seq.*, and trademark infringement under Title 56, Chapter 3 Section 1 *et seq.*, all arising from the Defendant's unauthorized use of the federally registered trademark *CoachSource*® in connection with the distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's coaching services and related products and services.

2.      Plaintiff seeks injunctive and monetary relief.

<u>**JURISDICTION AND VENUE**</u>

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, [1332(a)] and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district, and/or 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

<u>**PARTIES**</u>

5.      Plaintiff is a limited liability company duly organized and operating under the laws of the State of New Jersey with a principal place of business is located at 673 Dakota Trail, Franklin Lakes, New Jersey 07417.

6.      Plaintiff does business in more than fifty countries across North America, Latin America, Europe, Africa, Asia, and Australia.

2

7.      Plaintiff is a member managed entity and has three members: Stephen Sass, a citizen of New Jersey; Brian Underhill, a citizen of California; and Kimcee McAnally, a citizen of California.

8.      Plaintiff is a one of the world's most experienced leadership coaching firms, with clients that include well-known corporations spanning a wide range of industries and business sectors throughout the world.  With a global presence, Plaintiff coaches business professionals in major markets around the world in leadership and other business related subject matter.

## FACTS COMMON TO ALL COUNTS

A. Plaintiff and its COACHSOURCE Trademarks

9.      Plaintiff has openly, notoriously, consistently, and extensively used the coined term "CoachSource" as a trademark in connection with its leadership coaching, and business-related presentations, since as early as January 1, 2006.  The *CoachSource* trademark is the subject of an incontestable federal registration and is widely known among consumers to be an indicator of the source of Plaintiff's high-quality leadership coaching and business-related presentations.

10.     Plaintiff is the owner of three United States Patent and Trademark Office (USPTO) registrations under the CoachSource brand, all registered on the Principal Register:

(a)     COACHSOURCE. (Reg. No. 3539223) In class 41 for professional coaching services for business executives in the field of leadership. This registration is currently in full force and effect and is incontestable under Section 15 U.S.C. §1065. Attached hereto as Exhibit A is a true and correct copy of the registration certificate and maintenance record for *CoachSource* Reg. No. 3539223, issued December 2, 2008 by the USPTO;

(b)     COACHSOURCE. (Reg. No. 5222152) In class 9 for Digital materials, namely, downloadable articles, downloadable checklists, downloadable audios, and downloadable videos featuring information for executives regarding leadership coaching; class 16 for printed materials, namely, written articles in the field of leadership coaching for executives; Printed publications, namely, brochures, booklets, and teaching materials in the field of leadership coaching for executives; printed training materials in the field of leadership coaching for executives. This registration is currently in full force and effect.

3

Attached hereto as Exhibit B is a true and correct copy of the registration certificate for *CoachSource* Reg. No. 5222152, which was issued on June 13, 2017 by the USPTO;

(c)     COACHSOURCE CLOUD. (Reg. No. 5145567) In class 42 for software as a service (SAAS) services featuring cloud based software for tracking executive coaching engagements, professional coaching services for business executives in the field of leadership. This registration is currently in full force and effect. Attached hereto as Exhibit C is a true and correct copy of the registration certificate for *CoachSource Cloud* Reg. No. 5145567, which was issued on February 21, 2017 by the USPTO,

(collectively, the "CoachSource Marks").

11.     Plaintiff has used the CoachSource Marks in commerce throughout the United States and abroad continuously since January 1, 2006 in connection with the creation, development, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of professional coaching services for business executives in the field of leadership and coaching, and educational services, namely, providing educational speakers in the field of leadership and business coaching for executives.  Attached hereto as Exhibit D are screenshots of representative samples of materials showing Plaintiff's use of the CoachSource Marks in connection with these goods and services.

12.     As a result of Plaintiff's widespread, open, notorious, continuous, and exclusive use of the CoachSource Marks to identify its speaking, coaching, and printed products with Plaintiff as the source, Plaintiff owns valid and subsisting federal statutory and common law rights to the CoachSource Marks.

13.     Plaintiff's CoachSource Marks are distinctive to both the consuming public and Plaintiff's trade.

14.     Plaintiff extensively advertises its products bearing the CoachSource Marks to the consuming public and to the coach distributing trade, and the CoachSource Marks have become widely and generally known to the consuming public and the coach distributing trade and has acquired significant meaning as a symbol of Plaintiff's goodwill in the industry. The CoachSource

Marks have become extremely valuable to Plaintiff in its business and have become known to the public as the exclusive trademark identifying Plaintiff's leadership coaching ad business-related services.

15.     Sales of Plaintiff's leadership coaching and business-related services bearing the CoachSource Marks in the United States and abroad have been significant. Plaintiff has spent in excess of $382,000 advertising and promoting its goods and services under the CoachSource Marks.

16.     As a result of Plaintiff's expenditures and efforts, the CoachSource Marks have come to signify the high quality of leadership coaching services designated by the CoachSource Marks and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

17.     As a result of their distinctiveness and widespread use and promotion throughout the United States and abroad, Plaintiff's CoachSource Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

18.     Plaintiff has scrupulously and successfully enforced and protected its CoachSource Marks against unauthorized users. As soon as Plaintiff became aware of Defendant's use, it immediately sent a cease and desist letter.

B. Defendant's Unlawful Activities

19.     Upon information and belief, Defendant is engaged in the business of connecting consumers of coaching with coaches. In its own words:

> 1CoachSource is an online marketplace & goal tracking platform for professional coaches to connect and work with clients in a more engaging way. We believe that connecting people to the coaching world should be a simple, beautiful, and rewarding process. To

> achieve that, we built a goal setting/tracking platform and adopted the same goal-setting system that Google uses internally that helped them succeed in growing from 40 to 40,000 employees. The science behind the effectiveness of setting goals and working with a coach is undeniable. This is why the 1CoachSource team has built this platform, to further our mission of changing the world by successfully connecting clients with the best coaches on the web.… We're on a mission to connect professional coaches with over 100 million potential clients who are ready to stop wishing and start improving their lives by achieving their goals.

*See* www.1coachsource.com.

20.     Upon information and belief, and without Plaintiff's authorization and after Plaintiff acquired protectable exclusive rights in its CoachSource Marks, Defendant adopted and began using the mark "1CoachSource", which is identical to Plaintiff's CoachSource Marks, with the exception of the addition of the number "1", and has the same overall commercial impression as Plaintiff's CoachSource Marks (hereinafter, the "Infringing Mark") in U.S. commerce.

21.     The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's CoachSource marks:

(a)     Plaintiff's CoachSource Marks (CoachSource and CoachSource Cloud)

(b)     Defendant's Infringing Mark (1CoachSource)

22.     Upon information and belief, Defendant has been and continues to engage in the provision, advertising, promotion, offering for sale, and sale of coaching services using the Infringing Mark throughout the US, Canada, and in foreign countries that have access to the Internet.  Attached hereto as Exhibit E is a true and correct screenshot of Defendant's website showing Defendant's use and promotion of the Infringing Mark.

23.     The coaching services Defendant has marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are business and career coaching, money coaching,

6

relationship coaching, and personal development coaching. All services that relate to and directly compete with those goods and services offered under Plaintiff's CoachSource Marks.

24.     Defendant has and continues to distribute, market, advertise, promote, offer for sale, and sell its coaching services under the Infringing Mark through its website using the domain www.1coachsource.com. Defendant's channels of trade are similar and overlap with those of Plaintiff.

25.     Defendant has and continues to market, advertise, and promote its goods and services under the Infringing Mark through the Defendant's website and social media presence, including but not limited to Facebook and Twitter. Such advertising, promotional, and media channels of trade are similar and overlap with those of Plaintiff.

26.     Upon information and belief, Defendant offers and sells its coaching services under the Infringing Mark to any consumer interested in purchasing coaching services. These services overlap with the goods and services offered by Plaintiff under its CoachSource Marks.

27.     The services offered by Defendant under the Infringing Mark are of a lower quality. For example, through a review of Defendant's website, there does not to be a vetting process for potential coaches. In other words, anyone who signs up can become a coach. In the Defendant's own words, "[a]ll you need to get started is a computer, Internet connection, amazing skills, and a passion for helping people be their best . . . ."  The lack of a vetting based on skill and experience creates a deficiency in the quality of goods and services offered by Defendant.

28.     On May 10, 2017, Plaintiff sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit F is a true and correct copy of Plaintiff's cease and desist letter to Defendant dated May 10, 2017.

29.     On July 11, 2017, Plaintiff's, through counsel, sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached as Exhibit G is a true and correct copy of Plaintiff's cease and desist letter dated July 11, 2017.

30.     To date, Plaintiff has not received a response to its correspondence (Exs. F, G) and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's cease and desist letter.

31.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's coaching services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's coaching services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

32.     Defendant's infringing acts, as alleged herein, have resulted in actual confusion as evidenced by the Defendant's website housed at the www.1coachsource.com domain.

33.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's CoachSource Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's coaching goods and services to the Defendant.

34.     Defendant's acts have and continue to cause, unless restrained, immediate and irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
## Federal Trademark Infringement

35.     Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully set forth herein.

36.    Defendant's unauthorized use of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's coaching services, and is likely to cause consumers to believe, contrary to fact, that Defendant's coaching services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the CoachSource Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

38.    Defendant is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

39.    Plaintiff is entitled to, among other such relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
## Federal Unfair Competition

40.    Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully set forth herein.

41.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's coaching services, and is likely to cause consumers to believe, contrary to fact, that Defendant's

coaching services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

42.     Defendant's unauthorized use of the Infringing Mark, as alleged herein, constitutes use of a false designation of origin and misleading description and representation of fact.

43.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

44.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

46.     Plaintiff is entitled to, among other such relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### Federal Trademark Dilution

47.     Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully set forth herein.

48.     Plaintiff's CoachSource Marks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49.     Plaintiff's CoachSource Marks became distinctive and famous prior to the Defendant's acts as alleged herein.

50.     Defendant's acts, as alleged herein, have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous CoachSource Marks.

51.     Defendant's acts, as alleged herein, have tarnished and will, unless enjoined, continue to tarnish Plaintiff's CoachSource Marks by undermining and damaging the valuable goodwill associated therewith.

52.     Defendant's acts, as alleged herein, are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have and continue to cause Plaintiff irreparable damage which has no adequate remedy at law.

53.     Plaintiff is entitled to, among other such relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR**
**Federal Anti-Cybersquatting**

54.     Plaintiff repeats and realleges paragraphs 1 through 50 hereof, as if fully forth herein.

55.     Plaintiff's widespread, open, notorious, and continuous use of its CoachSource Marks has occurred since January 1, 2006 with the mark having been registered on December 2, 2008. Thus, Plaintiff asserts nationwide constructive use of the CoachSource Marks.

56.     Defendant has registered and is using the domain name, www.1coachsource.com which is confusingly similar to Plaintiff's registered CoachSource Marks, for commercial gain. Plaintiff has not authorized Defendant to use the name www.1coachsource.com, is not affiliated, connected, or associated with Defendant, and does not sponsor or endorse Defendant's business,

which is providing among other things, coaching services. Thus, Defendant has no legitimate interest in this domain name.

57.     Defendant's use of the www.1coachsource.com domain is used in bad faith in connection with a website that sells coaching services, with full and reasonable knowledge of Plaintiff's CoachSource Marks.

58.     Defendant's use of the www.1coachsource.comn domain is a blatant attempt to trade on the goodwill of Plaintiff's CoachSource Marks and constitutes, among other things, a violation of the Uniform Domain Name Dispute Policy, by which you agreed to be bound when you registered the www.1coachsource.com domain name and unlawful cybersquatting under the federal Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d); trademark infringement and false designation of origin under the Lanham Act (15 U.S.C. §).

59.     Plaintiff is entitled to, among other such relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest. (15 U.S.C. § 1125(d)).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a)     That Defendant has violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) for unfair competition; false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) for dilution.

b)     That Defendant has violated substantial and related claims of statutory and common law deceptive trade practices and false advertising under New Jersey Statutes, Title 56, Chapter 8 Section 1 *et seq.*, and trademark infringement under Title 56, Chapter 3 Section 1 *et seq.*

    c)     Granting of an injunction temporarily and permanently enjoining Defendant and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    i.    distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to distribute/provide, sell, market, advertise or promote Defendants coaching services bearing the mark 1CoachSource or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's CoachSource Marks;

    ii.    engaging in any activity that infringes Plaintiff's rights in its CoachSource Marks;

    iii.    engaging in any activity constituting unfair competition with Plaintiff;

    iv.    engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's CoachSource Marks;

    v.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's coaching services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's leadership coaching and other business-related products and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

    vi.    using or authorizing any third party to use in connection with any coaching-related goods and/or services, any false description, false representation, or false

designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

vii.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the CoachSource Marks or any other mark that infringes or is likely to be confused with Plaintiff's CoachSource Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

viii.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

d)    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's coaching services.

e)    Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark CoachSource Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's CoachSource Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States or abroad that distribute,

14

advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark CoachSource or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's CoachSource Marks, and to immediately remove them from public access and view.

f)       Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, websites, domain names, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark CoachSource or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's CoachSource Marks.

g)       Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark 1CoachSource or any mark consisting of, incorporating, or containing Plaintiff's CoachSource Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

h)       Directing Defendant to cancel with prejudice any and all of its registrations for the mark CoachSource Marks or any mark consisting of, incorporating or containing Plaintiff's CoachSource Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

i)       Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may

15

direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

j)      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

k)      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

l)      Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

m)      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

n)      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

o)      Awarding such other and further relief as the Court deems just and proper.

Dated: July 11, 2017                        Respectfully submitted,

                                            WALSH PIZZI O'REILLY FALANGA LLP


                                            *s/Marc D. Haefner*
                                            Marc D. Haefner
                                            One Riverfront Plaza
                                            1037 Raymond Boulevard, Suite 600
                                            Newark, New Jersey 07102
                                            Tel: (973) 757-1100
                                            Fax: (973) 757-1090
                                            *Attorneys for Plaintiff*

16

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all issues triable.


Dated: July 11, 2017                            WALSH PIZZI O'REILLY FALANGA LLP


                                          By:   *s/Marc D. Haefner*
                                                Marc D. Haefner
                                                One Riverfront Plaza
                                                1037 Raymond Boulevard, Suite 600
                                                Newark, New Jersey 07102
                                                Tel: (973) 757-1100
                                                Fax: (973) 757-1090
                                                *Attorneys for Plaintiff*

17

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined in this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: July 11, 2017                              WALSH PIZZI O'REILLY FALANGA LP


By:   s/Marc D. Haefner
                    Marc D. Haefner
                    One Riverfront Plaza
                    1037 Raymond Boulevard, Suite 600
                    Newark, New Jersey 07102
                    Tel: (973) 757-1100
                    Fax: (973) 757-1090
                    *Attorneys for Plaintiff*

**<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1</u>**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that it seeks injunctive relief and the monetary relief sought by Plaintiff is in excess of $150,000.00.

Dated: July 11, 2017            WALSH PIZZI O'REILLY FALANGA LLP


By:   *s/Marc D. Haefner*
      Marc D. Haefner
      One Riverfront Plaza
      1037 Raymond Boulevard, Suite 600
      Newark, New Jersey 07102
      Tel: (973) 757-1100
      Fax: (973) 757-1090
      *Attorneys for Plaintiff*